**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RAYMOND G. CHAPMAN, individually, and on behalf of all persons similarly situated,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | Case No. 04-CV-0722-CVE-PJC |
| ) | |
| **THE STATE OF OKLAHOMA; GOVERNOR BRAD HENRY; W.A. DREW EDMONDSON (ATTORNEY GENERAL); and JOSEPH WATT (CHIEF JUSTICE, OKLAHOMA SUPREME COURT),** )<br>)<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Amended Compliant (Dkt. # 61). Plaintiff has attempted to state claims for civil rights violations relating to domestic relations matters in state court. Defendants are the State of Oklahoma ("State"), Governor Brad Henry ("Henry"), Attorney General W. A. Drew Edmondson ("Edmondson"), and Oklahoma Supreme Court Chief Justice Joseph Watt ("Watt"). Defendants Henry, Edmondson, and Watt are all sued solely in their official capacities.

Plaintiff Raymond G. Chapman ("Chapman") attempts to bring his action on behalf of those adjudicated by an Oklahoma state court to be a noncustodial parent. Dkt. # 60, at 9. Plaintiff claims defendants violated his rights (and those of others "similarly situated") under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The amended complaint describes the alleged constitutional violations as follows:

>   (1) the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; (2) the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; (3) the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; (4) the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; (5) the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; (6) the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; (7) the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, (8) the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

Id. at 10. More specifically, plaintiff alleges that defendants have violated his fundamental right to custody, care, and management of his natural children by deeming him a noncustodial parent absent "findings of unfitness by clear and convincing evidence, and without employing the constitutional doctrine of strict scrutiny applied in a least intrusive manner, before taking away such custody." Id. at 9.

Defendants move to dismiss plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (4), (5), and (6), based on lack of jurisdiction over both the subject matter and the person, failure to serve defendants Henry, Edmondson, and Watt, failure to state a claim upon which relief can be granted, and improper venue. Although plaintiff submitted a Response to Motion to Dismiss (Dkt. # 68), his response was out of time and the motion to dismiss was deemed confessed. Dkt. # 72.

**I.**

A motion to dismiss is properly granted when it appears beyond doubt that plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005). For purposes of making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must

2

construe them in the light most favorable to the nonmoving party. Yanaki, 415 F.3d at 1207. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Board of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001). Finally, while plaintiff's pro se pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, the court "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (quoting Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992)).

**II.**

Defendants have moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). Defendants' challenge is a facial attack on the "sufficiency of the [amended] complaint's allegations as to subject matter jurisdiction" and does not require resolution of an aspect of the substantive claims. See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). Therefore, the Court must assume the amended complaint's allegations to be true. Id.

Reading the pro se amended complaint liberally, an Oklahoma state court awarded full custody of plaintiff's children to their mother and designated plaintiff as a noncustodial parent. Accepting plaintiff's allegations as true, this Court finds that plaintiff has failed to establish subject matter jurisdiction. Federal district courts do not have jurisdiction "over challenges to state-court

decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (extending the holding of Rooker v. Fed. Trust Co., 263 U.S. 413 (1923)) [hereinafter "Rooker-Feldman doctrine"]. Federal review of state court judgments can occur only by way of a certiorari petition to the United States Supreme Court. See, e.g., Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002). The Rooker-Feldman doctrine "prohibits a lower federal court from considering claims 'inextricably intertwined' with a prior state-court judgment . . . ." Kenmen, 314 F.3d at 473 (citing Feldman, 460 U.S. at 483 n.16, and Rooker, 263 U.S. at 415-16). As the Tenth Circuit explained:

> Rooker-Feldman precludes a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Kenmen, 314 F.3d at 473 (quotation and citation omitted). The Tenth Circuit has interpreted the Rooker-Feldman doctrine to encompass state decisions from the intermediate, as well as the highest, state court and state decisions that are not "final." Id. at 474-75 ("Under Rooker-Feldman, lower federal courts possess no power whatever to sit in direct review of state court decisions. . . . This prohibition extends to all state-court decisions -- final or otherwise.") (quotation omitted). Plaintiff impermissibly challenges state court decisions by raising in federal district court constitutional issues which are inextricably intertwined with those state court judgments. Accordingly, this Court lacks jurisdiction for plaintiff's action.

## III.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss Amended Complaint (Dkt. # 61), pursuant to Fed. R. Civ. P. 12(b)(1), is **granted**. The case is **dismissed with prejudice** for lack of subject matter jurisdiction. **The case is hereby terminated**.

**DATED** this 6th day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT