UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAYMOND G. CHAPMAN, individually,** ) | |
| **and on behalf of all persons similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0722-CVE-PJC |
| ) | |
| **THE STATE OF OKLAHOMA;** ) | |
| **GOVERNOR BRAD HENRY;** ) | |
| **W.A. DREW EDMONDSON (ATTORNEY** ) | |
| **GENERAL); and JOSEPH WATT (CHIEF** ) | |
| **JUSTICE, OKLAHOMA SUPREME COURT),** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Correct Errors; and Formal Request for Findings of Fact of Conclusions of Law (Dkt. # 80), docketed as a motion to reconsider. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

"District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005). Plaintiff, Raymond G. Chapman ("Chapman"), asks the Court

to "correct its recent errors."[1]  Dkt. # 80, at 1.  The Court dismissed this case for lack of subject matter jurisdiction and did not reach the merits of plaintiff's claims (Dkt. # 79).  Thus, plaintiff's motion does not involve "'reconsideration of matters properly encompassed in the decision on the merits' contemplated by Rule 59(e)."  Id. at 854 (quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989)).  Consequently, the Court construes plaintiff's motion as a motion for relief based on judicial mistake pursuant to Rule 60(b).

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).  "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005); Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("The district court has substantial discretion in connection with a Rule 60(b) motion.") (citation omitted).

---

[1] Chapman accuses the Court of treason, alleging that the "finding by the Court is directly contrary to the binding authority of the United States Supreme Court, and constitutes nothing less than a willful fraud upon the court . . ."  Dkt. # 80, at 1 (emphasis in original).

A judicial mistake, as construed by the Tenth Circuit for purposes of Rule 60(b), occurs where "the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Chapman argues that the Court misapplied the Rooker-Feldman doctrine and improperly dismissed his complaint for lack of subject matter jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fed. Trust Co., 263 U.S. 413 (1923).

Chapman attempts to bring his action on behalf of himself and those similarly adjudicated by an Oklahoma state court to be a noncustodial parent. Dkt. # 60, at 9. This Court dismissed his complaint because federal district courts do not have jurisdiction over challenges to state court decisions. Dkt. # 79, at 4. A lower federal court cannot consider "claims 'inextricably intertwined' with a prior state-court judgment . . . ." Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (citing Feldman, 460 U.S. at 483 n.16, and Rooker, 263 U.S. at 415-16). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted). Chapman's claim is inextricably intertwined as his alleged injury is the result of the Oklahoma state court proceedings which adjudicated him as a noncustodial parent and ordered child support payments. See Kenmen, 314 F.3d at 476.

The Supreme Court recently clarified the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517 (2005), stating that:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

3

125 S.Ct. at 1521-22. Unlike the plaintiff in Exxon, Chapman lost in state court and is trying to upset the state court holding. Id. In Garner v. Gonzales, 2006 WL 245783 (10th Cir. Feb. 2, 2006) (unpublished),[2] the Tenth Circuit held that the Rooker-Feldman doctrine barred plaintiff's claim in federal district court where plaintiff sought to challenge the constitutionality of child support. Id. at *2 n.2. Chapman also seeks federal district court review of a state court decision on child support and other domestic relations issues. Accordingly, the Supreme Court's analysis in Exxon does not affect the outcome of this case.

In his motion, Chapman argues:

And, again, the Plaintiffs have **never** asked this Court to *reverse* or *modify* any lower state-court judgments - and also never to seek a federal court to *issue* or *change* any divorce or child custody decrees, but *only* to declare them null and void as unconstitutional, one of the most basic precepts for the very *existence* of a federal court, and its mandated duty to do its job.

Dkt. # 80, at 4 (emphasis in original). However, in Rooker, the Supreme Court held that if the state court decision was wrong "that did not make the judgment void, but merely left it open to reversal or modificaiton in an appropriate and timely appellate proceeding." 263 U.S. at 415; see Exxon, 125 S.Ct. at 1521 ("Rooker was a suit commenced in Federal District Court to have a judgment of a state court, adverse to the federal court plaintiffs, 'declared null and void.'") (quoting Rooker, 263 U.S. at 414).

Chapman's claims are inextricably intertwined with the judgments of the state court and Rooker-Feldman deprives the Court of jurisdiction. The appropriate appellate proceeding for Chapman is through the state court system or to the United States Supreme Court. See, e.g.,

---

[2] The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

Kenmen, 314 F.3d at 473. Nothing submitted by Chapman suggests that the Court's determination that it lacked subject matter jurisdiction over his claims was incorrect. Accordingly, the Court's February 6, 2006 Opinion and Order stands.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Correct Errors; and Formal Request for Findings of Fact of Conclusions of Law (Dkt. # 80) is hereby **denied**. This case has been closed, and **plaintiff is directed not to file any further pleadings in this matter**.

**DATED** this 28th day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT